STATE, PLAINTIFF-APPELLEE, *v.* ERNEST A. MISHNE,
DEFENDANT-APPELLANT.
STATE, PLAINTIFF-APPELLEE, *v.* GEORGE MISHNE,
DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Geauga County.

Nos. 355 and 356. Decided March 2, 1963.

*Mr. Edwin T. Hofstetter,* prosecuting attorney, for plaintiff-appellee.

*Messrs. Spangenberg, Hasenflue & Shibley,* for defendants-appellants.

(WILLIAM B. BROWN, J., of the Fourth District sitting by assignment in the Seventh District.)

WILLIAM B. BROWN, J. This is an appeal from a judgment of the Common Pleas Court of Geauga County entered following a jury verdict against the appellants and the denial of a motion for new trial filed thereafter by the. appellants.

Appellants were indicted by the Grand Jury of Geauga County on a ten count indictment. The counts were:

Count One: That George and Ernest Mishne on or about the ninth day of September, 1961, did unlawfully and with malicious intent to maim, assault and strike Robert Gregory with dangerous instruments, thereby breaking the leg of Robert Gregory, contrary to Section 2901.19, Revised Code.

Count Two: did unlawfully and with malicious intent to disfigure, assault and cut Robert Gregory with dangerous instruments, thereby cutting and slitting the nose, ear and lip of Robert Gregory, contrary to Section 2901.19, Revised Code.

Count Three: did maliciously cut Robert Gregory with intent to kill him, contrary to Section 2901.23, Revised Code.

Count Four: did maliciously cut Robert Gregory with intent to wound him, contrary to Section 2901.23, Revised Code.

Count Five: did maliciously cut Robert Gregory with intent to maim him, contrary to Section 2901.23, Revised Code.

Count Six: did maliciously stab Robert Gregory with intent to kill him, contrary to Section 2901.23, Revised Code.

Count Seven: did maliciously stab Robert Gregory with

intent to wound him, contrary to Section 2901.23, Revised Code.

Count Eight: did maliciously stab Robert Gregory with intent to maim him, contrary to Section 2901.23, Revised Code.

Count Nine: did unlawfully assault Robert Gregory with intent to kill him, contrary to Section 2901.24, Revised Code.

Count Ten: did unlawfully assault Robert Gregory with dangerous weapons or instruments or by other means or force likely to produce death or great bodily harm to him, contrary to Section 2901.23, Revised Code.

Appellants filed a motion for a Bill of Particular which was granted. The following was filed by appellees:—

"BILL OF PARTICULARS.

"The Indictment clearly indicates who is being charged on each count. It is the Indictment of the Grand Jury that one Robert Gregory, on the ninth day of September, 1961, between the hours of two a. m. and six a. m. EDST was subjected to the type of treatment indicated in each of the ten counts noted therein, with the use of a wrecking bar, a wooden club, and possible other instruments or objects as may be brought out in evidence.

"By the use of said instruments or objects so as to maim, assault, strike, cut, slit, or stab, each of the criminal acts listed as counts in the Indictment were performed by the person charged in the Indictment on the person of Robert Gregory, said acts occurring in, upon, and about the premises operated by the defendant as a warehouse building for vending machines and supplies on North Street, Chardon, Ohio, in Geauga County. Further, counsel for the State of Ohio says that the injuries received by the said Robert Gregory included injuries to the nose, ear, lips, skull, hands, arms, back, and legs, and possible other areas in such manner and with such instruments or objects as hereinbefore referred to so as to warrant an Indictment thereon on each of the several counts."

Following trial, on June 12, 1962, the jury found both defendants guilty of assault with intent to maim, not guilty of assault with intent to kill and guilty of lesser degrees of assault and battery. George Mishne was found guilty of Counts 1, 2, 4, 5, 7, 8 and 10, but not guilty of Counts 3, 6, or 9, but only of the lesser offense of assault and battery. Ernest Mishne was

found guilty of Counts 1, 2, 4, 5, and 10, but not guilty of Counts 3, 6, 7, 8 or 9, but on each of said counts guilty of lesser offense of assault and battery.

The facts of this case are substantially as follows: In 1961 appellants operated a vending machine business in Chardon, Ohio, and Robert Gregory had worked for them and quit or was fired in August 1961. Prior to having this employment he wrote a check to Hambden Gulf, a filling station, for $20.00 which was returned for insufficient funds. Fred Pierson of Hambden Gulf received the check back from the bank. After talking with George Mishne, Fred Pierson signed an affidavit in the Prosecutor's office charging Gregory with issuing a check with insufficient funds. The deposit of $15.00 to assure appearances of witnesses in the County Court of Geauga County in this case was put up by George Mishne.

Gregory was arrested in Mecca, Trumbull County, Ohio, and was handed over to the Geauga County Deputy Sheriff by the Trumbull County Deputy Sheriff at approximately 11:00 P. M., September 8, 1961, arriving at the Geauga County Jail in Chardon about midnight. At approximately 4:00 A. M. on September 9, 1961, George Mishne bailed Gregory out.

The Chardon Telephone Company's records show two calls were made on a phone listed to George Mishne in Chardon to a phone listed to Ernest Mishne in Cleveland at 2:43 A. M. and 2:46 A. M. respectively.

After bailing out Gregory, George Mishne accompanied by Ernest Mishne took Gregory down to the warehouse arriving about 4:45 A. M. There Gregory testified that George and Ernest Mishne beat and kicked Gregory with a stick, a wrecking bar, fists and boots, bruising and cutting him about the body and breaking his leg.

The Mishnes, the only other eye witnesses to what transpired, did not testify but according to Ernest Mishne in his statement to the police, defendant's exhibit O O, Gregory left the company of the defendants and some time later stumbled in bleeding and stated that he had been hit by a car.

When the police arrived after having been called, they found Gregory wet and badly injured.

He told Chief Bohl of the Chardon Police Department,

when interviewed at the hospital, that he was hit by an automobile. Shortly thereafter he changed his story and later gave a statement relating how he had been beaten by appellants.

Scientific testimony relating to articles found in the warehouse was presented. One Molnar, a laboratory technician from the Ohio Bureau of Criminal Identification, who had identified and examined Gregory's clothes, could find no evidence that Gregory had been hit by an automobile. The police found evidence of blood splattered over boxes in the warehouse as well as evidence of an effort to clean up the place.

Fourteen assignments of error are asserted by appellants. They are:—

"1. Failure of the trial court to order the prosecutor to furnish the defendants a complete bill of particulars so that they could be fully advised as to the charges made against them so that they could properly prepare a defense thereto.

"2. Overruling of the Defendants' Motion to Quash the indictment as it contains repugnant counts.

"3. Improper and prejudicial evidence was given to the jury.

"4. Law was improperly discussed by the court in front of the jury.

"5. Law was improperly discussed by the prosecution in front of the jury.

"6. Prejudicial remarks were made by the court touching on the credibility of the prosecuting witnesses.

"7. Prejudicial remarks were made by the court touching on the merits of the case, the court gave aid to witnesses for the State and made erroneous rulings, all of which would likely mislead the jury into believing the court was partial to the State.

"8. The prosecutor committed misconduct in his final argument.

"9. The prosecutor committed misconduct in deliberately asking an improper question for the sole purpose of improperly influencing the jury.

"10. The court made improper and incorrect remarks during the prosecutor's final argument regarding the evidence which the court said had been submitted when in fact there was no such evidence.

"11. The court erred in refusing counsel for the defense a mistrial during the course of said trial for various errors complained of at said times which show on the face of the record.

"12. The court erred in refusing to have stenographically recorded verbatim the final argument of the prosecutor together with objections made thereto after specific requests for same were made by counsel for defense and while the official court reporter was in attendance with her stenotype machine in working order for recording the same.

"13. The verdict was against the manifest weight of the evidence.

"14. The evidence is insufficient to support a conviction beyond a reasonable doubt."

The law of Ohio is that no judgment or conviction shall be reversed in any court for any cause unless it appears affirmatively from the record that the appellant was prejudiced thereby or was prevented from having a fair trial. See Section 2945.83, Revised Code.

Assignment of error one is failure of the trial court to order the prosecutor to furnish a complete bill of particulars so they would be fully advised as to the charges made against them so that they could properly prepare a defense thereto.

Our review indicates a bill of particulars was so furnished the defendants. We find the bill so furnished is within the doctrine of *State* v. *Petro*, 148 Ohio St., 473; 36 Ohio Opinions, 152, and reasonably informs the appellants of the nature and cause of the accusation against him. (See Section 2945.83A, Revised Code.)

This assignment is overruled.

Assignment of error two is overruling of defendants' motion to quash the indictment as it contains repugnant counts.

Considering the time element involved and the evidence presented, we cannot agree with appellants' contention. (See 4 Ohio Jurisprudence [2d], 74.)

In considering assignments three through 10 we have reviewed them individually, considered them in relation to the entire record, and have come to the conclusion that neither individually nor collectively are they of such a nature as to warrant our finding that any or all of them affirmatively prejudiced

the appellants or have denied them a fair trial. It is well known that in a trial as bitterly contested as this one some chance of error will be apparent from the record. However, in these errors asserted we cannot find them prejudicial and they are, accordingly, overruled. There are instances where the trial court seemingly over-participated in his attempt to clarify the issues and prevent the proceedings from being unfairly influenced by zealous counsel. We might not have used the language the trial court did on certain occasions, but on the other hand we might not have been as deft as he was in other respects in presiding over this heated contest. However, reading the record in its entirety, we are of the opinion that the trial court acted within the bounds of his discretion in carrying out his duty to be fair to these defendants and to the State.

Assignment eleven refers to the court's refusal to grant various motions for a mistrial. We have examined the various motions cited and find that the denial thereof was not prejudicial to appellants substantial rights. This assignment is overruled.

Assignment twelve is that the court refused to have recorded verbatim the final argument together with objections made after specific requests for same were made by counsel for defense and while the court reporter was in attendance with her stenotype machine in working order for recording of the same.

According to appellants, their attorney rose to make an objection during final argument and learned that the court had told the court reporter not to record the final argument. This was after one-half hour of final argument had elapsed.

Apparently there had been a previous discussion of this in the court's chambers when attorneys for both sides were present, and an agreement reached not to have the official reporter take the final argument down. This was the recollection of the court and prosecutor but not of appellants' counsel.

Counsel for appellants thereafter requested a record made. In view of the court's understanding that an agreement had been reached not to record the final argument, the prosecutor proceeded to complete the argument without the same being recorded.

The appellants' counsel thereafter refused to make a closing argument.

Section 2301.20, Revised Code, provides:—

"Upon the trial of a case in the Court of Common Pleas, if either party to the suit, or his attorney, requests the services of a shorthand reporter, the trial judge shall grant the request, or such judge may order a full report of the testimony or other proceedings, in which case such shorthand reporter shall take accurate shorthand notes of the oral testimony or other oral proceedings, which notes shall be filed in the office of the official shorthand reporter and carefully preserved."

Under the court's understanding of the agreement between counsel in chambers and because of the lack of showing an affirmative request on the part of appellants' counsel for the taking down verbatim of the closing argument of prosecution, we find no error up to the point appellants' counsel claimed that he first learned that the court had told the court reporter not to record the final argument.

As to the balance of the prosecutor's argument, upon request having been made for the reporter by appellants' counsel, it is apparent under the plain meaning of Section 2301.20, Revised Code, that the trial court had a duty to require the remainder of this argument to be recorded by the court reporter, notwithstanding the alleged agreement. This was not done.

The purpose of the statute is to provide a method by which errors may be preserved so that on appeal a proper determination and review may be made by appellate courts to the end that the rights of appellants may be protected in the manner provided by the Constitution and laws of this State.

However, the errors complained of were presented to this court through a narrative bill of exceptions. Having used this vehicle the errors complained of were before this court for review. No substantial error is asserted in relation to the balance of the argument which followed the court's denial of appellants' counsel's request. Accordingly, although the trial court should have granted this request, we cannot say that under these circumstances appellants were affirmatively prejudiced. If the narrative bill of exceptions had not been before us we would have found this prejudicial. The decision not to make a closing argument, made by appellants' counsel, was his own judgment. Waiver of this error would not have re-

sulted even if he had given his argument, if the narrative bill of exceptions was not before us.

Assignments 13 and 14 are considered together in appellants' brief.

We have the benefit of the witness Gregory, the testimony of the police officers, the various exhibits, and scientific testimony of what occurred at this warehouse. We believe on our careful examination of the record that there was sufficient proof submitted to this jury warranting the verdict reached. It is granted that Gregory's background is such that his credibility was subject to all out attack. The record reveals it was so attacked with great effectiveness by counsel for appellants. His testimony together with the other proof offered by the state was given to the jury. They could accept or reject the same as the sole judge of the credibility of the witnesses and the facts of this case. This is their function. They were entitled to attach such weight to it as they saw fit. Of course, a conflict therein existed as it does in all criminal cases. The fact of conflict is not grounds for reversal. The record reveals sufficient evidence to satisfy reasonable minds of the guilt of appellants. Those reasonable minds were those of the jury. They believed the evidence that made for that result, and, consequently, without substituting ourselves for their performance of their constitutional function, we cannot find the evidence is insufficient or that the verdict is contrary to the manifest weight of the evidence. See *State* v. *Shively*, 172 Ohio St., 128; *Sandoffsky* v. *State*, 29 Ohio App., 419; *State* v. *Lett*, 106 Ohio App., 285, and 3 Ohio Jurisprudence (2d), 820, et seq.

These assignments of error are overruled.

In their brief appellants assert that there are three questions before this court.

1. Did the defendants receive a fair trial which impartially gave to them their constitutional rights guarded so long by the courts of this land?

2. Did prejudicial error occur at the trial which denied the defendants a fair and impartial trial?

3. Was the verdict against the manifest weight of the evidence?

Our conclusion to the first question asked above must be

in the affirmative, and our conclusion to the second and third questions asked above must be in the negative. There is only one reasonable explanation of what transpired on the morning of September ninth as revealed in this record, and that is the conclusion the jury reached that Robert Gregory underwent a brutal beating at the hands of these appellants. We will not disturb the verdict reached to this effect.

Judgment affirmed.

DONAHUE, P. J., and P. W. BROWN, J., concur.