The STATE of Ohio, Appellant,

v.

SHIN et al., Appellees.

[Cite as *State v. Shin* (1997), 118 Ohio App.3d 637.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–96–51.

Decided March 7, 1997.

638

*Carlene Huston Kinworthy,* Assistant City Prosecutor, for appellant.

*Brian M. Fisher,* for appellees.

SHAW, Judge.

Plaintiff-appellant, the state of Ohio, appeals the decision of the Lima Municipal Court, Lima, Ohio, wherein defendant-appellee Julie Lin Shin was found to be an innocent owner of a vehicle operated by her husband defendant-appellee Robert Y. Shin. As a result, Julie Lin Shin's vehicle was not subject to criminal forfeiture according to R.C. 4503.235.

On July 29, 1995, Mr. Shin was cited by the city of Lima Police Department for driving while under a financial responsibility license suspension in violation of R.C. 4507.02(B)(1). At the time of this citation, the vehicle which Mr. Shin was driving, a 1990 Mercedes Benz, was not seized, nor was notice immediately given

that the vehicle could be subject to forfeiture. Instead, this notice was given to Mr. Shin on August 4, 1995, when plaintiff filed an amended complaint against Mr. Shin. Notice, however, was not given to Mrs. Shin (hereinafter, defendant), the person in whose name the vehicle at issue is registered. Nonetheless, shortly thereafter defendant filed a motion pursuant to R.C. 4503.235 requesting the court not to order her vehicle forfeited, as she was innocent of any wrongdoing relative to her husband's charged offense.

On May 6, 1996, Mr. Shin appeared before the trial court and pled no contest to the charged offense. Sentencing immediately followed, where he was ordered to ten days in jail, suspended upon the performance of eighty hours of community service. Mr. Shin was also fined $500 and assigned six points to his license. Since this was Mr. Shin's third conviction for driving while under a financial responsibility license suspension in the same vehicle, plaintiff invoked the criminal forfeiture provisions of R.C. 4507.99(C)(3).

After Mr. Shin's sentencing, the court held a hearing on the issues of whether the vehicle was subject to forfeiture and whether defendant met the statutory criteria for innocent vehicle owner status. Defendant testified at this hearing, as did additional witnesses for both parties. At the conclusion of the hearing, the court requested that supplemental briefs be submitted prior to the rendering of a decision.

The court's judgment entry filed on July 9, 1996, held that defendant was an innocent vehicle owner pursuant to R.C. 4503.235. According to the trial court, since the charged offense was R.C. 4507.02(B)(1), to maintain its criminal forfeiture claim, plaintiff was required to present evidence that defendant knew of, should have known of, or consented to, Mr. Shin's operation of the Mercedes without his having filed an SR–22 form with the state of Ohio. An SR–22 form is an insurance certificate of compliance for a financial responsibility bond. As plaintiff failed to present evidence on the SR–22 issue, the court determined plaintiff did not show a violation of R.C. 4507.02(B)(1). Therefore, plaintiff could not sustain its burden under R.C. 4503.235, and forfeiture was not permitted. The court noted that plaintiff's evidence improperly focused on whether Mr. Shin exceeded the scope of his driving privileges and defendant's knowledge of or consent to his actions. The trial court stated that had this been the issue, Mr. Shin would have been charged with R.C. 4507.02(D)(1), and not subject to any vehicle forfeiture possibilities pursuant to R.C. 4507.99(A).

Plaintiff filed this appeal from the trial court's judgment entry and lists the following two assignments of error:

"I. The trial court committed prejudicial error by requiring appellant to prove, contrary to law set forth in Ohio Revised Code 4503.235(B)(3)(b), that the

innocent owner knew or should have known that the driver of the vehicle had not filed an SR 22 form with the State of Ohio."

"II. The trial court committed prejudicial error by requiring an additional element not set forth in Ohio Revised Code 4503.235(B)(3)(b) thereby entering judgment against Appellant contrary to the manifest weight of the evidence."

Our review of plaintiff's first assignment of error will begin with the innocent-vehicle-owner provisions of the Revised Code. R.C. 4503.235, as it was in effect at the time of the trial court's judgment entry, states:

"(A) As used in this section:

"(1) 'Vehicle owner' means the person in whose name is registered a vehicle that, but for the operation of this section, would be subject to an * * * order of forfeiture issued under section 4503.234 of the Revised Code.

"* * *

"(B) * * * [A] vehicle shall not be criminally forfeited to the state * * * and no order requiring any * * * forfeiture[ ] shall be issued * * * if all of the following apply:

"(1) The person who was convicted of or pleaded guilty to a violation of division (B)(1) * * * of section 4507.02 of the Revised Code * * * is not the vehicle owner relative to the vehicle that was used or involved in the offense or violation in question.

"(2) The vehicle owner, prior to the issuance of the order of * * * forfeiture, files a motion with the court requesting that the order not be issued because the vehicle owner was innocent of any wrongdoing relative to the offense or violation.

"(3) Any of the following applies:

"* * *

"(b) * * * [T]he prosecutor in the case fails to establish to the court, at trial or subsequent to the filing of the motion and by a preponderance of the evidence, one or more of the following:

"(i) That the vehicle owner knew or should have known after a reasonable inquiry that the vehicle was used or involved or likely to be used or involved in the offense or violation;

"(ii) That the vehicle owner * * * expressly or impliedly consented to the use or involvement of the vehicle in the offense or violation." Am.Sub. S.B. No. 82, 145 Ohio Laws, Part I, 879, 905.

That defendant meets the first two elements of R.C. 4503.235 is not disputed. Instead, plaintiff contends that the trial court inserted an element not present in R.C. 4503.235(B)(3)(b), which caused it to fail to meet its burden of proof and

permit defendant to keep her Mercedes. Specifically, plaintiff argues that requiring evidence on whether an innocent owner knew or should have known that the driver had not filed proof of financial responsibility with the registrar of motor vehicles conflicts with the language set forth in R.C. 4503.235(B)(3)(b)(i) and (ii).

The offense in question is a violation of R.C. 4507.02(B)(1), operating a motor vehicle while under a financial responsibility law license suspension without having filed and maintained proof of financial responsibility with respect to that vehicle. If this provision is violated, the offender is guilty of driving while under financial responsibility law license suspension. R.C. 4507.99(C). Thus, plaintiff was required to show that defendant knew, or should have known, that her car would be used in violation of the financial responsibility law license suspension and that proof of financial responsibility was not filed or maintained. R.C. .4503.235(B)(3)(b) and 4507.02(B)(1). Alternately, plaintiff could have demonstrated that defendant consented to the use of her vehicle in such a manner. *Id.*

Since that which must be proven in R.C. 4503.235(B)(3)(b) is dictated by the terms of the violated offense, the trial judge did not err by requiring evidence pertinent to Mr. Shin's compliance with the financial responsibility laws. In fact, in the judgment entry the trial judge stated not only what evidence would meet the burden of proof requirements, but what was required to maintain the R.C. 4507.02(B)(1) violation:

"The question is whether or not Mrs. Shin knew or should have known or if she consented to his [Mr. Shin's] operating her vehicle without Defendant [Mr. Shin] having filed the SR–22 form with the State of Ohio."

Since evidence pertaining to a person's financial responsibility is what is sought and required by R.C. 4507.02(B)(1) and 4503.235(B)(3)(b), and was not presented by plaintiff, the trial judge held that plaintiff failed to meet its burdens. Thus, we find that no additional elements were improperly included within R.C. 4503.235(B)(3)(b). Accordingly, plaintiff's first assignment of error is overruled.

Plaintiff's second assignment of error argues that the trial court's findings are against the manifest weight of the evidence. When a matter from a trial court is appealed, the reviewing court gives great deference to the trial court's findings. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276. The rationale for this general rule is that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* The standard of review in these circumstances is that articulated by *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

■ After having reviewed the record, we find that competent and credible evidence for the trial court's judgment existed. As noted in its judgment entry, the trial court heard testimony from witnesses for both the plaintiff and defendant. The defendant also testified. The trial court found that the evidence presented by plaintiff focused upon whether defendant knew, or should have known, that Mr. Shin's use of her vehicle was outside the scope of his allowable driving privileges. Plaintiff also tried to show that defendant consented to Mr. Shin's use of her vehicle in such a manner. However, the issue of Mr. Shin's compliance or lack of compliance with financial responsibility laws and defendant's knowledge of this matter was not addressed. Likewise, the matter of defendant's consent in this regard was also not addressed. Because an appeals court should not substitute its judgment for that of the trial court where a trial court's findings of fact are corroborated by competent and credible evidence, *Seasons Coal Co.*, 10 Ohio St.3d at 80, 10 OBR at 410–411, 461 N.E.2d at 1276–1277, we are unable to find error in the trial court's decision in this matter. Accordingly, plaintiff's second assignment of error is overruled.

In sum, plaintiff's assignments of error are hereby overruled, and the decision of the Lima Municipal Court, Lima, Ohio, is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.