### SANDOFFSKY v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9091. Decided Sept. 18, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**CRIMINAL LAW.**

(190 C4) Evidence of conspiracy need not be based upon positive testimony. Mere circumstance such as companionship at time of commission of offense may be basis of determining whether two people apparently bent upon the same purpose were both guilty.

(190 C) Court has right to comment upon any fact in the record regardless of source from which it proceeds.

(190 E4) Jury should not convict on unsupported testimony of accomplice. Province of jury to determine from all the facts and circumstances, whether testimony of accomplice had been corroborated.

Error to Common Pleas.

Judgment affirmed.

Henry Galen, Cleveland, for Sandoffsky.
Edward C. Stanton, Cleveland, for State.

### STATEMENT OF FACTS.

The plaintiff in error was indicted for burglary and larceny under two counts, by the Grand Jury of Cuyahoga County, and upon trial the jury returned a verdict of guilty as to the charge of burglary.

The case is here for review upon the question of the weight of the evidence, and the instructions of the court.

### SULLIVAN, PJ.

As to the weight of the evidence, we have reviewed the record and have come to the conclusion that, while the evidence is conflicting as in nearly all trials, it is of such a credible nature that under the rules of law guiding reviewing courts, the verdict cannot be disturbed.

Able counsel for plaintiff in error argues strenuously that the court committed prejudicial error in instructing the jury as to the question of conspiracy, for the reason that nothing appears in the record as to this offense.

From an examination of the record we see no error in this charge for the reason that the State offered the testimony of an accomplice, and from his evidence it appears that the defendant in the instant case, and the accomplice, were together at the time of the commission of the offense.

Evidence of conspiracy need not be based upon positive testimony. A mere circumstance may be the basis of determining whether two people apparently bent upon the same purpose were both guilty, or one guilty and the other innocent.

The companionship at the time of the commission of the offense is a circumstance which we think formed a reasonable basis for the instruction given, and hence we see no prejudicial error therein.

Again it is charged as error that because the defendant by the examination conducted by his own attorney, made an admission of a former conviction, it is argued that inasmuch as the State did not offer such evidence that the court had no right to comment upon the subject.

It is a well etsablished fact that the Court has a right to comment upon any fact in the record regardless of the source from which it proceeds. It may come from defendant, or the State and the defendant. It is not whence it proceeds, but whether it exists, and if, as in the present case, the record shows a former conviction it was not error of a prejudicial nature at least, for the court to instruct the jury that its only proposition related to the credibility of the testimony given by the defendant. Hence we think that there is no error here.

Again, error is charged that the court committed error in giving the following instruction:

"There has been testimony offered here by one of the persons, on behalf of the State, who it is claimed was implicated in this transaction, and has pled guilty to the charge. The Court will say to you, the jury ought not to convict on the uncorroborated testimony, that is, the unsupported testimony, of an accomplice. However, it is for you to determine from all the facts and circumstances whether or not the testimony of the accomplice has been corroborated in any or all of these respects and you are to determine what weight and credit you will give it."

After an examination of this instructi[o] we find no ground for the complaint made f[or] the reason that the doctrine in Ohio as to t[he] testimony of an accomplice, is sufficiently a[nd] intelligently stated. The Court told the ju[ry] that it was its province to determine from all the facts and circumstances in the case whether the testimony of the accomplice had been corroborated, after first stating that there ought not be a conviction on the uncorroborated or unsupported testimony of the accomplice.

We have examined the other assignments of error and we find no error which is prejudicial to the rights of plaintiff in error, and holding these views the judgment of the lower court is hereby sustained.

(Vickery and Levine, JJ., concur.)