The STATE of Ohio, Appellee,

v.

HARRISTON, Appellant.

[Cite as *State v. Harriston* (1989), 63 Ohio App.3d 58.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55330.

Decided May 22, 1989.

*John T. Corrigan,* Prosecuting Attorney, for appellee.

*Michael E. Murman,* for appellant.

---

NAHRA, Judge.

David Harriston appeals his convictions for possession of cocaine in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount, in violation of R.C. 2925.03, and possession of criminal tools, in violation of R.C. 2923.24.

Defendant was indicted on the above charges as well as for trafficking in drugs, in violation of R.C. 2925.03, and for permitting a motor vehicle to be used for the commission of a felony drug abuse offense, in violation of R.C. 2925.13. Prior to trial, defendant filed a motion to suppress the search of his car and his house.

At the suppression hearing, Detective Ronald Rhoads of the Cleveland Police Department testified that on August 14, 1987 he executed a search warrant at 2468 East 84th Street, Cleveland, Ohio. He stated that the house had been under observation for one or two weeks. According to Detective Rhoads, a confidential informant had made a drug purchase from the home and a heavy volume of traffic was seen at the residence. Detective Rhoads testified that the defendant was observed approaching the cars at the residence and engaging in conversation and apparent exchanges. On the day of the search, while the SWAT unit was gathering at East 71st Street and Quincy, defendant's car was stopped and searched. Defendant's home was then searched where cocaine and drug paraphernalia were found. The defendant admitted the cocaine belonged to him, but denied selling drugs.

Following the hearing on the motion, the court granted the motion to suppress the search of the car. Defendant then waived his right to a jury trial and the state and defense counsel stipulated that the evidence, exhibits and testimony presented in the motion hearing would be incorporated into the trial evidence. As the court had previously suppressed the evidence from the automobile search, the court granted defendant's motion for acquittal on the trafficking in drugs charge and motor vehicle offense.

Defendant was found guilty by the court of possession of cocaine and possession of criminal tools. He presently appeals, raising three assignments of error.

I

Appellant's first assignment of error is:

"The trial court erred in overruling the appellant's motion to suppress the search of the appellant's house when the warrant lacked a command portion and facts amounting to probable cause."

█ Appellant initially argues that that search warrant is facially defective as it contains merely introductory language and does not include an express command directing the law enforcement officer to search the place named for the property specified, as required by Crim.R. 41(C).

According to the record before us, the search warrant contained the following:

"TO: CHIEF OF POLICE OF THE CITY OF CLEVELAND POLICE DEPARTMANT [sic] AND/OR DETECTIVE RONALD B. RHOADES [sic] #167, A MEMBER OF SAID DEPARTMENT, AND/OR ANY MEMBER OF SAID DEPARTMENT.

"WHEREAS: Affiant has exhibited probable cause necessary to search the below listed premises, curtilage and persons therein upon the incorporated sworn affidavit, attached hereto; *law enforcement officers as set forth herein are commanded to search said premises* and to comply with applicable requirements of execution, seizure, inventory and return. Said search may be made in the night season." (Emphasis added.)

It is apparent that the command requirement of Crim.R. 41(C) and R.C. 2933.25 has been met.

█ Appellant additionally asserts that probable cause did not exist for the issuance of the search warrant. In determining whether to issue a warrant, the "task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit

before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.* * * " *Illinois v. Gates* (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548.

■ Applying *Gates*, we find that the totality of the circumstances which the officer recited in the warrant affidavit provided probable cause for the search. The affidavit submitted to the issuing magistrate by a police officer stated that (1) during the past three weeks, affiant received several anonymous telephone calls concerning drug sales on the premises, (2) during the past seventy-two hours, affiant conducted periodic surveillance of the premises where he observed persons entering and leaving the premises, staying a short time, and (3) within the past seventy-two hours, a confidential informant, who during the last six months had provided information that led to a number of narcotic related arrests, made a controlled drug purchase on the premises.

Considering the above, the judge who issued the warrant could find that there was a "fair probability" that contraband could be found on the premises specified in the warrant.

Appellant's first assignment of error is without merit.

## II

Appellant's second assignment of error is:

"The trial court erred in overruling the appellant's motion for acquittal and in entering a judgment of conviction where the state failed to prove each and every element of the crime beyond a reasonable doubt thereby violating appellant's Fifth and Fourteenth Amendment rights to due process of law."

Appellant argues that the trial court erred in denying his motion for acquittal for the charges of possession of cocaine and possession of criminal tools.

■ Pursuant to a Crim.R. 29(A) motion, a trial court shall not grant the motion, but must present the issue to the jury if the "evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

■ Appellant was charged with possession of cocaine in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount in violation of R.C. 2925.03. Appellant was additionally charged with possessing or having under his control, any substance, device, instrument or

article, with purpose to use it criminally, to wit, a gun, money, strongbox, scales, gem packs, straw and razor blade, in violation of R.C. 2923.24.

The state presented evidence that the house in question had been under observation for one or two weeks, that there was heavy traffic driving up to the house, that appellant was observed coming out of the house, approaching the cars and engaging in conversation, and that appellant appeared to be involved in transactions or exchanges outside the house. The state additionally offered evidence that a confidential informant was observed entering the house where he made a controlled drug purchase. Additional testimony concerned items found in the execution of the search warrant of the home, including drug paraphernalia, cocaine and a strongbox containing a gun, the keys of which were found in the possession of appellant.

As the state offered sufficient evidence of each of the essential elements of the above crimes, the trial court was correct in refusing to grant appellant's motion for acquittal.

### III

Appellant's third assignment of error is:

"The verdict was against the manifest weight of the evidence."

Appellant challenges the verdict as being against the manifest weight of the evidence, specifically arguing that the state did not present any evidence to disprove appellant's testimony that the cocaine was for his personal use.

The credibility of testimony and the weight of the evidence are primarily matters for the trier of fact. Where the record shows that a conviction was based upon sufficient evidence, an appellate court may not reverse the verdict of the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. A reviewing court must be satisfied that there is sufficient evidence on all elements of the offense charged to satisfy reasonable minds of the guilt of the defendant. *Sandoffsky v. State* (1928), 29 Ohio App. 419, 163 N.E. 634.

As demonstrated in assignment of error number two, the state presented sufficient evidence on each of the offenses charged to support the convictions. Appellant did testify that the cocaine seized was for his personal use and not for resale, but apparently the trier of fact did not believe appellant. The trier of fact is free to believe all, part or none of the testimony of each witness. See *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O.2d 366, 197 N.E.2d 548. We will not evaluate the credibility of witnesses or the relative weight of their testimony. *DeHass, supra.*

64

Based upon the record before us, we find no merit to this assignment of error.

*Judgment affirmed.*

MATIA, P.J., and DYKE, J., concur.