DECISION
Appellant, William F. Dunbar, was charged with felonious assault with a gun specification, firing into a habitation with a gun specification, and having a weapon while under disability. The jury found appellant not guilty of felonious assault and firing the gun into a habitation, but guilty of having a weapon while under disability. Appellant was sentenced to nine months in prison. Appellant filed a timely notice of appeal and raises the following assignment of error:
 THE TRIAL COURT ERRORED [sic] WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND A CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
In the early morning hours of September 19, 1998, appellant was at the apartment of Christi Perrin, now Christi Johnson, asleep on the couch after the two had spent the day together and Christi had been drinking. About 3:30 a.m., James Johnson, then Christi's boyfriend and now her husband, arrived at the apartment demanding to be allowed to enter. Christi opened the door for Johnson, and Johnson and appellant exchanged words. Johnson testified that appellant had a gun. Christi testified she had removed appellant's clothes the night before and did not see a gun. After exchanging words with Johnson, appellant ran from the apartment and, within seconds, four shots were fired through the front door.
Johnson called the police and Christi ran from the apartment to a neighbor's apartment. Johnson testified that he followed Christi to the neighbor's apartment where there were several other people present, including appellant. Appellant came out of the apartment with a gun in his hand and another confrontation between Johnson and appellant occurred in the parking lot. Appellant swung a lawn chair at Johnson, and Johnson testified two shots were fired at him as Johnson walked away.
The Columbus Police recovered four spent shell casings in the area near Christi's apartment, but no shell casings were found in the parking lot near the neighbor's apartment where the second confrontation between Johnson and appellant was alleged to have occurred. Christi was interviewed by Detective Dailey, who stated Christi stated appellant had a gun in his possession on September 19, 1998. No gun was ever found. The parties stipulated that, on September 19, 1998, appellant was under indictment for burglary.
In his sole assignment of error, appellant argues there was insufficient evidence to prove beyond a reasonable doubt that he acquired, had, carried or used a firearm within the provisions of R.C. 2923.13(A)(2) and, therefore, his conviction was against the manifest weight of the evidence.
In State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, the Ohio Supreme Court held:
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's, supra, at 1594.
R.C. 2923.13(A)(2) provides, in part:
 § 2923.13 Having weapons while under disability.
 (A) * * * [N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
* * *
 (2) The person is under indictment for or has been convicted of any felony offense of violence * * *.
Possession of a firearm may be actual or constructive possession. Actual possession requires ownership or physical control. Constructive possession exists when an individual exercises dominion and control over an object, even though it may not be within his physical possession. State v. Messer (1995),107 Ohio App.3d 51.
Appellant argues that Christi testified she did not see appellant have a gun and that Johnson's testimony was inconsistent, in that he testified he directed the police to the site of the second shooting but, on cross-examination, stated a man named "Tony" and his brother directed police to the area of the second shooting. Officer Rick Anderson testified that Johnson directed him to the scene.
The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230. The jury is free to believe all, part or none of the testimony of each witness who appears before it. State v. Harriston (1989), 63 Ohio App.3d 58. The jury is in a better position to view the witnesses, observe their demeanor, gestures and voice inflections, and to weigh their credibility. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
Johnson testified that appellant had a gun in his hand on two occasions: once in Johnson's own apartment and once at the neighbor's apartment. It was within the province of the jury to believe his testimony, especially in light of Christi's testimony that she did not want to pursue criminal charges against appellant, had visited appellant in jail, and had called the prosecutor's office to inquire as to what consequences would follow if she failed to appear in court in response to a subpoena to testify on behalf of the state.
Thus, there was sufficient evidence that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. This evidence also provides sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt of the charge of having a weapon while under disability. Therefore, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK and BRYANT, JJ., concur.