DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Pike County Court, upon a jury verdict, finding Ellis Barfield, defendant below and appellant herein, guilty of domestic violence in violation of R.C. 2919.25(C). The following error is assigned for our review:
 "THE JURY'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The record reveals the following facts pertinent to this appeal. On September 28, 1999, appellant and his girlfriend, Paula Ann Browning, got into a heated argument at appellant's mother's home in Oak Hill, Ohio. Their exchange escalated until, at one point, appellant threatened to "take a claw hammer" to Browning's head and kill her. The next day, Browning visited the Pike County Sheriff's Department and sought a temporary restraining order against appellant. Browning told Deputy Randy Trent about the events of the previous evening and he, in turn, filed a criminal complaint charging appellant with domestic violence in violation of R.C. 2919.25(C).
Appellant pled "not guilty" to that charge and the matter proceeded to a jury trial on October 26, 1999. Browning testified that she did not want to file charges against her boyfriend and that she attempted to convince the prosecutor's office to "drop" the case. She also explained that she had not taken appellant's threat seriously, and that she was not afraid that appellant would hurt her at the time of their argument. Deputy Trent testified, however, that Browning was very "upset," "crying" and "[r]eal shaky" when she appeared at the Sheriff's Department the day after the argument. Deputy Trent further related that the victim was "very scared" and expressed a fear that appellant was going to kill her.
After hearing the witness and counsels' argument, the jury found appellant guilty of domestic violence. The trial court sentenced appellant to a partially suspended thirty (30) day jail term, $100 fine and one (1) year probation. This appeal followed.
We begin our analysis of the cause sub judice by reviewing the provisions of R.C. 2919.25(C) which state that "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause [them] imminent physical harm . . ." (Emphasis added). Appellant cites his girlfriend's (Browning's) testimony wherein she expressed that she was not afraid of appellant's threat to kill her with the claw hammer. Appellant argues that, given such testimony, the State had not proven that Browning "believed" that appellant would cause her imminent physical harm. Thus, appellant concludes, the jury's verdict was against the manifest weight of the evidence. We disagree.
We recognize that Browning's trial testimony was frequently contradictory. Although she stated on several occasions that she did not believe that appellant would hurt her, she also related that she was afraid he would hurt her "to a certain point." It is not necessary under the statute that Browning believed appellant's specific threat (i.e. that he would kill her with a claw hammer); all that is required is that she believed that she was in danger to some degree of imminent physical harm. Our review of the record reveals sufficient testimony on Browning's part to satisfy that requirement and to allow the jury to find appellant guilty of domestic violence. Moreover, Deputy Trent testified that Browning was very fearful of harm, even the day after the threat.
It is well settled law that when an appellate court reviews a claim that a jury verdict is against the manifest weight of the evidence, we may not reverse the conviction unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Earle
(1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440, 450; State v. Garrow
(1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814, 816; State v.Davis (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966, 969. In the instant case, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice. The victim's testimony, as well as Deputy Trent's testimony, provided ample evidence upon which the jury could find that Browning believed appellant would cause her imminent physical harm.
We again acknowledge that Browning also testified that she was not truly afraid of appellant's threats. It is axiomatic, however, that the weight of the evidence and the credibility of the witnesses are issues to be determined by the jury as the trier of fact. See State v. Dye (1998),82 Ohio St.3d 323, 329, 695 N.E.2d 763, 768; State v. Frazier (1995),73 Ohio St.3d 323, 339, 652 N.E.2d 1000, 1014; State v. Williams (1995),73 Ohio St.3d 153, 165, 652 N.E.2d 721, 732. As such, the jurors were free to believe all, part or none of the testimony of witnesses who appeared before them. See State v. Long (1998), 127 Ohio App.3d 328,335, 713 N.E.2d 1, 5; State v. Nichols (1993), 85 Ohio App.3d 65, 76,619 N.E.2d 80, 88; State v. Harriston (1989), 63 Ohio App.3d 58, 63,577 N.E.2d 1144, 1147. Obviously, the jury in the case sub judice gave little weight to Browning's claim that she was not in fear of physical harm. This was well within their province. The jury was in a better position than we are to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of proffered testimony. See Myers v. Garson (1993),66 Ohio St.3d 610, 615, 614 N.E.2d 742, 745; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276.[1]
For these reasons, we find no merit in the assignment of error and it is accordingly overruled. The judgment of the trial court is hereby affirmed.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Judge
[1] We further acknowledge that victims of domestic violence are "highly likely" to remain with their abusers and even recant their accusations of abuse. See Adrine Ruden, Ohio Domestic Violence Law (2000) 152, § T 6.11. The jury may well have taken that into consideration when evaluating Browning's claims that she was not afraid of appellant.