DECISION AND JUDGMENT ENTRY
This is an appeal from Scioto County Common Pleas Court judgments of conviction and sentence. The jury found Steven Tubb, defendant below and appellant herein, guilty of drug/cocaine possession in violation of R.C.2925.11(A)(C)(4)(a). The following error is assigned for our review:
 "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The record reveals the following facts pertinent to this appeal. On September 9, 1999, at approximately 11 P.M., Portsmouth Police Department Officers Robert Ware and Lynn Brewer worked the "Farley Square detail."[2] The officers drove an unmarked car on Waller Street and observed Brad Monroe and another individual (later identified as appellant) walking south. Realizing that an outstanding bench warrant existed for Mr. Monroe, Officer Brewer turned the car to intercept Monroe.[3]
The Officers pulled up to the two men, told Mr. Monroe to stop and informed him that they had a warrant for his arrest. Officer Brewer exited the vehicle, patted Monroe down for weapons and found a "crack pipe" in his hand. They placed Mr. Monroe in their vehicle and then turned to appellant who gave them his "ID or driver's license." Officer Ware ran a computer check on appellant while Officer Brewer gave him a pat down for weapons. During the search, Officer Brewer came across a vial or canister in appellant's front shirt pocket. Officer Brewer asked appellant about the object and he told him it was nitroglycerin for his heart. Officer Brewer took the vial, opened it and emptied the contents into his hand. Several nitroglycerin tablets fell out of the vial along with a suspicious looking rock like substance. A field test confirmed that the substance was cocaine.
The Scioto County Grand Jury returned an indictment charging appellant with drug/cocaine possession in violation of R.C. 2925.11(A)(C)(4)(a). He pled not guilty to the offense and the matter proceeded to a jury trial on May 1, 2000. During the trial Officers Ware and Brewer recounted the events of the night in question. The prosecution also called Mr. Monroe who admitted that he had procured cocaine for appellant that evening. Appellant testified in his own defense and denied that he had any cocaine in his possession. Instead, he claimed that Mr. Monroe "had crack in his lip" and then spit it out onto the sidewalk when police approached. Appellant further stated that when Officer Brewer emptied the contents of the nitroglycerin vial into his hand, he dropped the pills onto the sidewalk. When Officer Brewer scooped them back up, appellant concluded, Brewer also grabbed the bit of cocaine that had been spit out by Mr. Monroe and included it with the nitroglycerin tablets.
The jury found appellant guilty. On June 30, 2000, the trial court sentenced appellant to, inter alia, six months in the Scioto County Jail and five years of community control sanctions. This appeal followed.
Appellant argues in his assignment of error that the verdict is against the manifest weight of the evidence. Specifically, appellant contends that the jury erred in accepting the officers' testimony over his own, or that of "the only independent witness." We disagree.
It is axiomatic that the weight of the evidence and the credibility of the witnesses are issues to be determined by the jury as trier of fact.See State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763, 768;State v. Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000, 1014;State v. Williams (1995), 73 Ohio St.3d 153, 165, 652 N.E.2d 721, 732. As such, the jury is free to believe all, part or none of the testimony of each witness who appeared before them. See State v. Long (1998),127 Ohio App.3d 328, 335, 713 N.E.2d 1, 5; State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80, 88; State v. Harriston (1989),63 Ohio App.3d 58, 63, 577 N.E.2d 1144, 1147. A jury has the opportunity to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of their proffered testimony. See Myers v. Garson (1993), 66 Ohio St.3d 610,615, 614 N.E.2d 742, 745; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Thus, an appellate court should not "second guess" the jury on matters of weight and credibility.
At trial appellant advanced the theory that: (1) the crack cocaine rock had actually belonged to Mr. Monroe; (2) Monroe spit out the rock when he saw the police coming; and (3) Officer Brewer scooped it up when retrieving the nitroglycerin tablets that had been allegedly dropped from the vial. Both Officers denied, however, that they dropped the nitroglycerin tablets on the ground. Obviously, the jury found the officer's testimony and version of the facts more credible than the appellant's testimony and his version of the facts.
As for Debbie Bell, whom appellant claims to be the "only independent witness," our review of her testimony provides little support for appellant's position. The witness testified that while stopped at a red light she observed the incident only for a few moments. Bell recalled that she saw two handcuffed suspects on the ground and the officers "searching around" the wall of the building. While this testimony tends to contradict the officers' testimony that Mr. Monroe was placed in the vehicle before they dealt with appellant, the testimony is consistent with their admission that they searched the ground around Mr. Monroe after they found the "crack pipe" in his hand.[4] Apparently, the jury afforded little weight to Bell's testimony as it was well within its province to do so.
Appellate courts should not reverse a conviction as being against the manifest weight of the evidence unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Earle (1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440, 450;State v. Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814,816; State v. Davis (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966,969. In the case sub judice, the jury opted to afford greater weight to the officers' testimony rather than to the defense witnesses. We find no error in that decision.
For these reasons, the assignment of error is without merit and is overruled. We hereby affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________________ Peter B. Abele, Presiding Judge
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[2] The "Farley Square detail" was described below as a special program funded through a federal grant to help combat drugs and prostitution in a high crime area of the City of Portsmouth.
[3] Both officers had dealt with Mr. Monroe before and, thus, were familiar with him.
[4] The officers explained that because Mr. Monroe held the pipe in his hand, he may well have spilled cocaine onto the ground. They searched the ground around him but found nothing.