[Cite as *Dills v. Hogsett*, 2025-Ohio-1496.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

TAYLOR DILLS,                          :

                                        Petitioner-Appellant,     :     Case No. 24CA15

        v.                              :

BREANNA HOGSETT,                       :     DECISION AND JUDGMENT ENTRY

                                        Respondent-Appellee.      :

_____

APPEARANCES:

Taylor Dills, Chesapeake, Ohio, pro se.

Breanna Hogsett, Chesapeake, Ohio, pro se.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-21-25
ABELE, J.

**{¶1}** This is an appeal from a Lawrence County Common Pleas Court judgment that denied a request for a R.C. 2903.214 Civil Stalking Protection Order. Taylor Dills, petitioner below and appellant herein, assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DISMISS CASE NO. 24OC619."
>
> SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN
THEY FAILED TO APPLY THE LAW TO THIS CASE."

{¶2} On August 19, 2024, appellant filed a "Petition for Civil Stalking Protection Order (R.C. 2903.214)" and alleged that she needed protection from Breanna Hogsett, respondent below and appellee herein. The petition alleged that appellee "blocked her car" and tries to talk with her and "follows my car and parks in front of my house." Apparently, this dispute revolved around a ring, some sweatshirts and a tiktok video.

{¶3} On August 26, 2024, the magistrate conducted a hearing and gave the parties the opportunity to present evidence. The hearing transcript consists of approximately 11 pages. Later the same day, the trial court dismissed appellant's request for a protection order because "the evidence is not well taken" and failed to meet the "statutory requirements." On September 26, 2024, appellant filed a notice of appeal.

{¶4} On December 26, 2024, appellant filed her appellate brief and set forth her two assignments of error.

{¶5} On January 8, 2025, appellee, without the benefit of a cross-appeal, filed her "Brief of Appellant" and set forth her two "assignments of error:"

"ASSIGNMENT OF ERROR NO. 1:"

"THE TRIAL COURT ERRED IN GRANTING APPEAL TO

> DILLS DUE TO LACK OF EVIDENCE AND FALSE
> ACCUSATIONS MADE TO HOGSETT IN CASE NO.
> 24CA15."
>
> "ASSIGNMENT OF ERROR NO. 2:"
>
> "THE TRIAL COURT ABUSED ITS DISCRETION WHEN
> IT FAILED TO DENY MOTION TO APPEAL DUE TO
> LACK OF EVIDENCE, AND FALSE ACCUSATIONS MADE
> BY DILLS DURING FIRST HEARING."

In her brief, appellee, inter alia, cites various statements and alleged facts far beyond the evidence adduced at the hearing. Appellee also "asks the court of appeals to reverse the protection order made by Taylor Dills to protect defendant * * * for future false accusations." Here, however, the trial court issued no particular order.

{¶6} On January 16, 2025, appellee then filed "Respondents (SIC) Counterclaims to Brief for Defamation, Abuse of Process, Perjury, and Requests for Sanctions."

{¶7} On January 21, 2025, appellant filed her "Final Response Brief" and cites a "lack of remorse" within respondent's brief.

{¶8} On January 27, 2025, appellant filed her "Response to Counterclaim" and wades into a "discussion" about, inter alia, defamation, abuse of process, perjury and sanctions.

{¶9} On February 3, 2025, appellee filed her "Respondent's

Response Confirming Reliance on Prior Brief and Expedited Dismissal."  Appellee maintains that appellant continues a pattern of "harassment and intimidation tactics."

{¶10} At the outset, we take this opportunity to comment on the multiple failures of both parties to conform to the Ohio Rules of Appellate Procedure.  Although courts will generally afford wide latitude to pro se litigants, in the case sub judice the parties have failed to grasp not only the purpose of appellate review, but also failed to make any attempt to comply with the mechanics of the appellate review process.  For example, appellate courts only review facts adduced during a trial court proceeding, not extraneous statements and claims beyond that specific evidence.  Here, the evidence consists of the testimony adduced at the hearing before the magistrate, which consists of 11 pages of testimony.  Consequently, this court may not consider any "evidence" or statements beyond that included in the hearing transcript.  Here, the parties submitted no additional stipulations or other forms of admissible evidence, but instead continued to submit a plethora of self-serving unsworn statements that this court may not consider.

{¶11} Furthermore, App.R. 16(A)(7) requires an appellant to file a brief that, inter alia, includes an "argument with

respect to each assignment of error presented for review and reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(B) addresses an appellee's answer brief in response to the appellant's merit brief. Finally, App.R. 16(C) discusses an appellant's reply brief, if necessary. In the case sub judice, however, instead of consulting and conforming to the Ohio Rules of Appellate Procedure, both parties appear to have concocted their own rules concerning the appellate process. Additionally, both parties' filings included inapplicable legal terminology that appears to attempt to describe various claims and causes of action, far beyond the scope of the matter currently before us. Nevertheless, we will endeavor to decipher the parties' ramblings and attempt to address the central issue in this matter.

{¶12} R.C. 2903.214 governs the filing of a "petition for protection order." R.C. 2903.214(C) provides:

> A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state all of the following:

> An allegation that the respondent is eighteen years of age or older and engaged in a violation of section

2903.211 of the Revised Code against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation;

Thus, before a court may grant a CSPO, a petitioner must demonstrate, by a preponderance of the evidence, that the respondent has engaged in menacing by stalking in violation of R.C. 2903.211. *See Strausser v. White*, 2009-Ohio-3597 (8th Dist.) at ¶30; *Caban v. Ransome*, 2009-Ohio-1034 (7th Dist.) at ¶7. The menacing by stalking statute, R.C. 2903.211(A)(1), provides: "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211 was "not enacted for the purpose of alleviating uncomfortable situations, but to prevent the type of persistent and threatening harassment that leaves victims in constant fear of physical danger." *Kramer v. Kramer*, 2002-Ohio-4383 (3rd Dist.) at ¶17. Furthermore, "'Pattern of conduct' means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents. * * * *" R.C. 2903.211(D)(1). Thus, one incident is insufficient to establish

a "pattern of conduct." *See State v. Scruggs* (2000), 136 Ohio App.3d 631, 737 N.E.2d 574; Dayton v. Davis (1999), 136 Ohio App.3d 26, 735 N.E.2d 939.

{¶13} In determining what constitutes a pattern of conduct for purposes of R.C. 2903.211(D)(1), courts must take every action into consideration "even if some of the person's actions may not, in isolation, seem particularly threatening." *Guthrie v. Long*, 2005-Ohio-1541 (10th Dist.) at ¶12; *Miller v. Francisco*, 2003-Ohio-1978 (11th Dist.) at ¶11; see, also, *Smith v. Wunsch*, 2005-Ohio-3498 (4th Dist.) at fn.3.

{¶14} Additionally, the decision whether to grant a civil protection order lies within a trial court's sound discretion. The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Moreover, an "appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court findings." *State ex rel. Celebrezze v. Environmental Enterprises, Inc.* (1980), 53 Ohio St.3d 147, 154, 559 N.E.3d

1335.

{¶15} It is also important to recognize that when an appellate court reviews a trial court's judgment, the appellate court will generally defer to the fact-finder's weighing of the evidence and credibility determinations.  See, e.g., *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273. Moreover, a trier of fact is free to believe all, part, or none of the testimony of any witness who appears before it.  *See Rogers v. Hill* (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591; see, also, *State v. Nichols* (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; *State v. Harriston* (1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144.

{¶16} After our review in the case sub judice, we conclude that the trial court's dismissal of appellant's request for a CSPO does not constitute an abuse of discretion.  We agree with the trial court that the evidence adduced at the hearing falls far short of the statute's requirement.  We hasten to add, however, that this court encourages both parties, for their own benefit and well-being, to conduct themselves in a manner that need not involve the participation of the judiciary.  Their failure to do so will be detrimental to everyone involved.

{¶17} Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee and appellant equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
    Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.