OPINION
{¶ 1} Respondent-appellant, Gregory A. Long ("appellant") appeals from an antistalking civil protection order ("CPO") issued by the Franklin County Court of Common Pleas, which prohibits appellant from, inter alia, being present within 500 yards of petitioner-appellee, Lauren Guthrie ("appellee"), and her boyfriend, Joel Justice ("Justice") for a period of nearly five years.
 {¶ 2} Appellant and appellee were in a relationship for over four years. The relationship ended in April 2004. On August 5, 2004, appellee filed a petition for an ex parte CPO against appellant. The court granted the ex parte CPO and referred the matter to a magistrate for a full hearing, which was held on August 17, 2004. Both parties attended the hearing. Immediately following the hearing, the magistrate signed a CPO, and the CPO was made an order of the court the same day. This appeal followed.
 {¶ 3} Appellant asserts the following assignments of error:
1. The Trial Court Erred When It Used The Wrong Standard, That Of "Emotional Distress" Rather Than "Mental Distress" Required By Ohio Revised Code Section 2903.211.
2. The Trial Court Erred When It Found That Appellant Had Engaged In A "Pattern of Conduct" As Required By The Statute With Regard To Mr. Joel Justice.
3. The Trial Court Erred When It Granted A Protection Order Despite The Fact That Appellee Laura [sic] Guthrie Is Not A Household or Family Member of Mr. Joel Justice.
 {¶ 4} Because the third assignment of error impacts the first two assignments of error, we will address it first. In his third assignment of error, appellant argues that the trial court erred when it granted a CPO to Justice when there is no evidence that he is either a household member or family member of appellee. In addition, appellant argues that the trial court erred in granting the CPO to appellee because she did not seek relief on her own behalf.
 {¶ 5} R.C. 2903.214 provides for the issuance of protection orders for persons who are victims of menacing by stalking. Pursuant to R.C. 2903.214, a petitioner for a CPO must establish by a preponderance of the evidence that the respondent engaged in conduct that constitutes menacing by stalking. Pursuant to R.C. 2903.214(C), a person may seek relief on their own behalf, or on the behalf of a family or household member. Appellant asserts that based on the face of the petition for the CPO, appellee did not seek protection on her own behalf, but only on behalf of Justice. The first page of the petition indicates that the petitioner is Guthrie. The petition also contains two boxes that a petitioner can check. The statement next to the first box states, "Petitioner seeks relief on Petitioner's own behalf." The statement next to the second box states, "Petitioner seeks relief on behalf of the following family or household members," and provides a place to list additional persons. Petitioner checked only the second box and listed Mr. Justice as a family or household member. Appellant argues that because appellee failed to check the first box, she did not seek relief on her own behalf, and, therefore, the trial court erred in including appellee in the CPO.
 {¶ 6} To accept appellant's position, and find that petitioner did not seek relief on her own behalf, would require this court to look only to the first page of the petition and ignore the other indicia, which include the remaining pages of the petition, as well as the testimony elicited at the hearing. The remaining pages of the petition contain additional boxes for a petitioner to check. These boxes indicate to the court what relief a petitioner is seeking from the CPO. The boxes checked by appellee have language that includes relief for the "Petitioner and
the family or household members named in [the] Petition." (Emphasis added.) Additionally, it is clear from the testimony elicited at the hearing that appellee sought relief on her own behalf. At the beginning of the hearing, the magistrate stated:
We are here on the matter of Lauren Guthrie versus Gregory A. Long for a petition for a civil stalking protection order. It appears that on August 5, 2004, Ms. Guthrie filed a petition for a civil stalking protection order seeking protection for herself and Joel Justice, date of birth 12-29-76, against respondent Gregory Long.
(Emphasis added.) (Tr. 3.)
 {¶ 7} There were no objections raised regarding the relief being sought for both Justice and Guthrie, either at the hearing or afterwards. Guthrie's testimony, as well as that of her witnesses, clearly indicates that she was seeking relief on her own behalf, as well as on behalf of Mr. Justice. Reading the petition as a whole and given the testimony at the hearing, we conclude that while petitioner may have made an error on the face of the petition, she clearly sought relief for herself in addition to the relief sought on behalf of Justice.
 {¶ 8} With respect to Justice, appellant argues that the trial court erred in granting the CPO because there is no evidence that Justice is either a family member or household member of appellee. As used in R.C.2903.214(A), "family or household member" includes a spouse, person living as a spouse, former spouse, parent, child, persons related by consanguinity of affinity, and certain relatives of these persons. The CPO includes Justice, yet there was no testimony or any other evidence presented that Justice was a family or household member of petitioner. Therefore, the trial court erred by including Justice in the CPO, and to this extent, appellant's third assignment of error is sustained.
 {¶ 9} Because we find that the trial court erred by including Justice in the CPO, we will address appellant's remaining assignments of error with respect to Guthrie only. We review the trial court's decision to grant a CPO with an abuse of discretion standard of review. Kramer v.Kramer, Seneca App. No. 13-02-03, 2002-Ohio-4383. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Ross v. Ross (1980), 64 Ohio St.2d 203.
 {¶ 10} Appellant argues that the trial court applied an incorrect standard in its opinion when it used the term "emotional distress," rather than "mental distress," as required by R.C. 2903.211. Pursuant to R.C. 2903.214, a petitioner for a CPO must establish by a preponderance of the evidence that the respondent engaged in conduct that constitutes menacing by stalking. Menacing by stalking is defined in R.C. 2903.211 as "engaging in a pattern of conduct" which will "knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." After hearing the evidence, the trial court decided as follows:
The standard for the civil stalking protection orders is whether or not the petitioner, Ms. Guthrie, can show by the preponderance of the evidence that — and I am paraphrasing the statute here — given two or more incidents closely related in time that would reasonably cause someone in her position to fear for her physical safety or fear suffering emotional distress.
(Tr. 99.)
 {¶ 11} It is appellant's position that the trial court erred when it used the term "emotional distress," because the statute requires a showing of "mental distress." While at the conclusion of the hearing, the trial court does use the phrase "emotional distress," we cannot find that the trial court applied an incorrect legal standard. The magistrate admittedly is paraphrasing what the statute requires as he states, "and I am paraphrasing the statute here." Additionally, the CPO states, "[t]he Court finds by a preponderance of the evidence that the Respondent has threatened the Petitioner with bodily harm, has caused mental distress, or has been convicted of or pleaded guilty to a violation of section2903.211 of Revised Code against the Petitioner." (Aug. 17, 2004, Order of Protection.) Oral pronouncements made by a court are subject to revision before journalization as it is a well-established rule in Ohio that a court of record speaks only through its journal and not by oral pronouncement or a mere minute or memorandum. State ex rel. Marshall v.Glavas (2003), 98 Ohio St.3d 297, citing Schenley v. Kauth (1953),160 Ohio St. 109. Therefore, we do not find that the trial court applied an incorrect standard of law when granting the CPO.
 {¶ 12} Appellant also argues that the trial court erred when it found that appellant had engaged in a "pattern of conduct" as required by R.C.2903.214. Pursuant to R.C. 2903.211, menacing by stalking is defined as "engaging in a pattern of conduct" which will "knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." A "pattern of conduct" means two or more actions or incidents closely related in time. R.C. 2903.211(D)(1). "A court must take everything into consideration when determining if a respondent's conduct constitutes a pattern of conduct, even if some of the person's actions may not, in isolation, seem particularly threatening." Miller v. Francisco, Lake App. No. 2002-L-097, 2003-Ohio-1978. And, pursuant to R.C. 2903.211(D)(2), "mental distress" means any of the following: "[a]ny mental illness or condition that involves some temporary substantial incapacity," or "[a]ny mental illness or condition that would normally require psychiatric treatment, psychological treatment."
 {¶ 13} The decision whether to grant a CPO lies within the sound discretion of the trial court. Parrish v. Parrish (2002),95 Ohio St.3d 1201, 1204. We presume that the findings of the trial court are correct, because the trial court can view the witnesses and weigh the credibility of the parties' testimony. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied 498 U.S. 881, 111 S.Ct. 215.
 {¶ 14} To grant a CPO, the evidence must show that the respondent engaged in a pattern of conduct which knowingly causes another to believe that the offender will cause physical harm to the petitioner or cause mental distress to the petitioner. At the end of the testimony, the magistrate concluded that respondent's conduct had caused appellee to fear for her safety. There was testimony that appellant appeared uninvited to appellee's parents' home, which resulted in them calling the police and having appellant ordered to leave the premises. There was also testimony that appellant appeared at Justice's apartment while appellee was there, resulting in an altercation between appellant and Justice. Additionally, appellee testified that appellant had sent e-mails regarding appellee to their co-workers and that appellant had posted materials on bulletin boards at their place of employment, resulting in their employer transferring appellant to another office location. Appellee also testified that after appellant was transferred, she had seen appellant's car at the office parking lot where she works. The trial court's findings of fact reflect that the trial court believed appellee's version of events. And although no exact dates were given for when some of the events transpired, it is clear from the record that all the events occurred between April 24 and August 4, 2004, a period of three and one-half months. We find that there is sufficient evidence that appellant engaged in a "pattern of conduct" as defined by R.C. 2903.214. Therefore, appellant's first and second assignments of error are both overruled.
 {¶ 15} For the foregoing reasons, appellant's first and second assignments of error are overruled, but appellant's third assignment of error is sustained with respect to the inclusion of Justice. Therefore, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court with instructions to remove Joel Justice from the CPO.
Judgment affirmed in part, reversed in part, and cause remanded withinstructions.
Klatt and French, J.J, concur.