DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellee a civil protection order against appellant. For the reasons set forth below, this court affirms, in part, and reverses, in part, the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Darlene Chapdelaine, sets forth the following sole assignment of error:
 {¶ 3} "Did the trial court err in granting of civil protection order and with finding of contempt both unsupported by the admitted evidence testimony of witnesses."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. The parties are neighbors in Dayville, Connecticut. There is an extensive history of litigation between the parties. The bulk of the testimony submitted below pertained to matters and incidents occurring in Connecticut.
 {¶ 5} The pertinent occurrence transpiring between the parties creating a nexus to the state of Ohio consisted of several emails that appellant sent to an Ohio company connected to appellee alleging that appellee was engaged in acts of property theft to the detriment of the Ohio company, Ramm Fence Systems, Inc.
 {¶ 6} On May 13, 2008, appellee secured an ex parte civil protection order ("CPO") against appellant through the Lucas County Common Pleas Court. Appellant contested Ohio's jurisdiction based upon the assertion that both parties reside in Connecticut. It is not disputed that appellant resides in Connecticut.
 {¶ 7} Appellee holds an Ohio driver's license and does have employment records with an Ohio company. Conversely, eyewitness testimony in the record is indicative of appellee residing in Connecticut. Ultimately, the string of emails sent from appellant into Ohio establishes a sufficient Ohio connection for jurisdictional purposes of the disputed CPO. *Page 3 
 {¶ 8} Upon notification that a CPO had been filed against her in Ohio, appellant requested an oral hearing to contest same. On May 27, 2008, the CPO hearing commenced before the trial court.
 {¶ 9} The record shows that the CPO hearing was unusually lengthy and largely pertained to incidents and events transpiring within the state of Connecticut. On May 28, 2008, the second afternoon of the pro se CPO proceeding, the trial court's frustration with the unduly cumbersome hearing culminated in a contempt finding against appellant.
 {¶ 10} On May 29, 2008, the hearing concluded. The trial court granted the CPO against appellant and imposed a three-day suspended sentence upon appellant regarding the contempt finding. Appellant filed timely notice of appeal.
 {¶ 11} On October 10, 2008, the trial court issued an entry modifying the CPO by limiting its applicability to acts occurring in Ohio. The trial court noted that appellee lives periodically in Connecticut in close proximity to appellant.
 {¶ 12} In her assignment of error, appellant asserts that the trial court erred in granting the CPO against her and in finding her in contempt of court. Trial courts determine whether to grant civil protection orders pursuant to a preponderance of the evidence standard. As such, trial court civil protection order judgments will not be disturbed on appeal so long as they are supported by some competent, credible evidence going to the essential elements of the case.Felton v. Felton (1997), 79 Ohio St.3d 34, 43. *Page 4 
 {¶ 13} R.C. 2903.214 provides that a petitioner seeking a civil protection order must demonstrate that the respondent from whom one is seeking protection is engaged in the offense of menacing by stalking in violation of R.C. 2903.211.
 {¶ 14} R.C. 2903.211 states that, "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 15} Given the above described legal parameters, a petitioner need not establish that a respondent intended to cause actual physical harm, but rather evidence showing that the respondent engaged in conduct sufficient to cause the petitioner to believe the respondent would cause mental distress suffices in support of granting a CPO. Guthrie v.Long, 10th Dist. No. 04-AP-913, 2005-Ohio-1541, ¶ 14.
 {¶ 16} R.C. 2903.211 defines "mental distress" as any mental illness or condition that involves some temporary substantial incapacity, or any mental illness or condition that would normally require mental health treatment or services, regardless of whether such treatment or services were actually requested or received. The statute does not mandate that the petitioner actually suffer mental distress, rather it requires the petitioner believe the respondent would cause mental distress. State v.Horsley, 10th Dist. No. 05-AP-350, 2006-Ohio-1208, ¶ 47.
 {¶ 17} In applying these legal principles to the record of evidence, we note that appellant conceded to sending at least three emails into Ohio to an Ohio company that does business with appellee. These emails contained specific allegations that appellee *Page 5 
was engaging in acts of property theft detrimental to the company, Ramm Fence Systems, Inc.
 {¶ 18} Such allegations of property theft made by appellant against appellee could clearly undermine appellee's business relationship with Ramm. Appellee was aware that appellant was engaged in a pattern of conduct that could threaten his business relationships.
 {¶ 19} Based upon the record of evidence, we find that appellant sent emails into Ohio which could have damaged or terminated appellee's business relationship with Ramm Fence Systems, Inc. We find that this scenario sufficient to cause appellee to believe appellant would cause him emotional distress. Wherefore, we affirm granting of the CPO.
 {¶ 20} Appellant also asserts that the trial court erred in finding her in contempt of court and summarily punishing her for same. Contempt findings are reviewed pursuant to an abuse of discretion standard.State v. Kilbane (1980), 61 Ohio St.2d 201, paragraph one the syllabus. An abuse of discretion requires that the court's conduct be arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 21} This court has defined contempt of court as, "the failure to abide by a lawful judgment or order of a court, or behavior that brings the administration of justice into disrespect, or that embarrasses or obstructs a court in performing its functions." Camp-Out, Inc. v.Adkins, 6th Dist. No. WD-06-057, 2007-Ohio-3946, ¶ 18. See, also, R.C. 2705.01(A). *Page 6 
 {¶ 22} We have scrutinized the record for any indicia that appellant's behavior constituted contempt of court. There is nothing in the record from which it can be affirmatively determined that appellant's conduct could be seen as a threat to the orderly administration of justice. As such, we find the contempt finding against appellant arbitrary. Wherefore, we reverse the contempt judgment of the trial court. Accordingly, appellant's assignment of error is found not well-taken, in part, and well-taken, in part.
 {¶ 23} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. Appellant and appellee are each ordered to pay one-half of the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1