[Cite as *T.O. v. Heffernan*, 2024-Ohio-1401.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

T.O.

    Appellee

v.

JOHN F. HEFFERNAN, JR.
SUE E. HEFFERNAN

    Appellants

C.A. No.    2023CA0044-M
             2023CA0045-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    22CIV0547
             22CIV0548

DECISION AND JOURNAL ENTRY

Dated: April 15, 2024

---

HENSAL, Judge.

{¶1}　John and Sue Heffernan appeal judgment entries of the Medina County Court of Common Pleas that imposed a civil stalking protection order against them. For the following reasons, this Court affirms.

I.

{¶2}　T.O. testified that, since his family moved next door to the Heffernans, Mr. Heffernan has pointed a firearm at him, shot a firearm in the direction of his house, and shot at him. Mr. Heffernan also shoots a firearm outside the window to his children's room early in the morning. Mrs. Heffernan, meanwhile, has threatened to shoot one of his children. The Heffernans also repeatedly shot the dog they used to have with a BB gun, forcing them to find another home for the dog. T.O., therefore, sought a civil stalking protection order against both of them.

{¶3}  Following a hearing before a magistrate, the magistrate found that the Heffernans had engaged in a pattern of conduct that harassed and threatened T.O. and his family, causing them to reasonably believe that the Heffernans would cause them physical harm.  The magistrate found that Mr. Heffernan, with Mrs. Heffernan's encouragement, had repeatedly fired firearms to intimidate and cause alarm to T.O. and his family.  He, therefore, concluded that T.O. and his family were entitled to a civil stalking protection order.  The trial court adopted the magistrate's decisions.  The Heffernans objected, but the trial court overruled their objections, concluding that the Heffernans engaged in a pattern of conduct that caused T.O. to believe that the Heffernans would cause them physical harm.  The Heffernans have appealed, assigning two errors.  Because the Heffernans have not separately argued or developed an argument for their second assignment of error, however, we will disregard it.  App.R. 12(A)(2).

II.

ASSIGNMENT OF ERROR I

THE JUDGMENT OF THE TRIAL COURT IS NOT SUPPORTED BY COMPETENT CREDIBLE EVIDENCE AS THE APPELLEE FAILED TO ESTABLISH ELEMENTS FOR A CIVIL STALKING PROTECTION ORDER.

{¶4}  In their first assignment of error, the Heffernans argue that the civil stalking protection order is not supported by competent credible evidence.  Under Revised Code Section 2903.214(C), a person may seek a protection order against someone who has engaged in a violation of Section 2903.211.  Section 2903.211(A)(1) provides that, "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person * * *."

{¶5}  The Heffernans' argument challenges the sufficiency of the evidence.  Accordingly, "we must determine whether, viewing the evidence in the light most favorable to [T.O.], a

reasonable trier of fact could find that [he] demonstrated by a preponderance of the evidence that a civil protection order should issue." *M.B. v. L.D.*, 9th Dist. Medina No. 23CA0006-M, 2023-Ohio-3560, ¶ 11, quoting *A.D. v. B.D.*, 9th Dist. Medina No. 15CA0095-M, 2017-Ohio-229, ¶ 6. "Preponderance of the evidence entails the 'greater weight of the evidence,' evidence that is more probable, persuasive, and possesses greater probative value." *Id.*, quoting *Davis v. KB Compost Servs.*, 9th Dist. Summit No. 21186, 2002-Ohio-7000, ¶ 10.

{¶6} As used in Section 2903.211, a "pattern of conduct" means "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents, * * *." R.C. 2903.211(D)(1). "[A] court must take everything into consideration when determining if [a person's] conduct constitutes a pattern of conduct, even if some of the person's actions may not, in isolation, seem particularly threatening." *M.B.* at ¶ 17, quoting *Guthrie v. Long*, 10th Dist. Franklin No. 04AP-913, 2005-Ohio-1541, ¶ 12. "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶7} According to T.O., in August 2020, he heard Mrs. Heffernan tell Mr. Heffernan to get a gun and shoot T.O.'s dog after it ran into their yard, and Mr. Heffernan thereafter threatened to shoot T.O. and the dog. In April 2022, T.O.'s nine-year-old daughter reported that Mrs. Heffernan had threatened to shoot her. In July 2022, T.O, was in his backyard when Mr. Heffernan shot a gun in his direction. Mrs. Heffernan had stared him down as he walked into his backyard, so T.O. was confident that they knew he was in the vicinity of where Mr. Heffernan was shooting. T.O. could hear bullets whizzing by him and two struck the ground a few feet from where he was standing. When T.O. went to see what was going on, Mr. Heffernan raised a gun and pointed it at T.O.'s chest.

**{¶8}** Viewing the evidence in a light most favorable to T.O., we conclude there was sufficient evidence from which the trial court could find by a preponderance of the evidence that the Heffernans engaged in a pattern of conduct that knowingly caused T.O. to believe that they would cause his family physical harm. The trial court, therefore, did not err when it granted T.O. a civil stalking protection order. The Heffernans' first assignment of error is overruled.

### III.

**{¶9}** The Heffernans' first assignment of error is overruled. Their second assignment is disregarded. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

STEVENSON, P. J.
CONCURRING.

{¶10} I respectfully concur in judgment with the majority decision. The majority would not reach the Heffernans' second assignment of error, that the trial court abused its discretion in granting the civil protection order, deciding that the Heffernans have not separately argued or developed an argument on this issue. The Heffernans set forth the standard for an abuse of discretion in the body of their brief and argue that the trial court's decision was not supported by competent, credible evidence. "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion means "more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} The Heffernans appeal the trial court's adoption of a magistrate's decision and our standard of review is an abuse of discretion. I would find that by citing the abuse of discretion standard of review and arguing that there was not competent, credible evidence to support the magistrate's decision, the Heffernans have developed an argument on appeal which we can review. Because I would find the trial court's decision was not unreasonable, arbitrary or unconscionable, I concur in the majority's decision to affirm the trial court's opinion.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellants.

DANIEL THIEL, Attorney at Law, for Appellee.